Anne Sullivan Magnelli, ISB No. 9452
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:    (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail:        amagnelli@ajhlaw.com
iCourt/e-File:  service@ajhlaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICTORIA SETHUNYA<br><br>Plaintiff,<br><br>v.<br><br>COLLEGE OF WESTERN IDAHO, ALYSON TOLMAN, in her official capacity, and JAC WEBB, in his official capacity;<br><br>Defendants. | Case No.  24-CV-00007-AKB<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND MOTION TO DISMISS DUE TO IMPROPER SERVICE, INSUFFICIENT PROCESS, AND INSUFFICIENT SERVICE OF PROCESS** |

COME NOW College of Western Idaho, Alyson Tolman, and Jac Web ("Defendants"), by and through their counsel of record, Anderson, Julian & Hull, LLP, pursuant to Federal Rules of Civil Procedure Rules 4 and 12, and move to quash service of process and dismiss due to insufficient service of process, and state as follows:

## I.    INTRODUCTION

Plaintiff has failed to properly effectuate service of process by delivery upon an individual and to timely file this claim. In doing so, Plaintiff has failed to establish this Court's personal

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND MOTION TO DISMISS - 1**

jurisdiction over the Defendants. First, Plaintiff ineffectively attempted service of process on a security guard at College of Western Idaho, who is not an officer or managing or general agent within the meaning of FRCP Rule 4 or controlling law. Second, Plaintiff's service is well beyond the deadline of the dismissal of the underlying EEOC action and right to sue thereunder. Even if service was proper, Plaintiff's claims are time-barred as a filing period constitutes a statute of limitations, and no relief can be granted. For these reasons, Plaintiff's attempted service of process should be quashed and the *Complaint* dismissed.

## II.    BACKGROUND

On October 11, 2023, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a *Determination and Notice of Rights* to Plaintiff and College of Western Idaho (CWI) in response to Plaintiff's claim, Charge No. 551-2022-06886. (*See Declaration of Andrea J. Fontaine in Support of Defendants' Motion to Quash, etc.* ("*Fontaine Dec.*"), ¶ 2; Ex. A.) The EEOC issued a determination that it would not be investigating the charges further and advised Plaintiff of the ninety-day deadline to file suit in state or federal court. *Id.* The notice further advised Plaintiff "Your right to sue based on this charge will be lost if you do not file a lawsuit in court within ninety days." *Id.* Allowing five additional days for service via mail, the ninety-day deadline expired on January 15, 2024.

However, Plaintiff did not file her *Complaint* until February 2, 2024. On March 4, 2024, this filing was "delivered" to a security guard on the CWI's property. *Fontaine Dec.*, ¶ 3, Ex. B. Pursuant to the College's policy and state law, only the CWI President, his assistant, or general counsel can accept service of process on behalf of CWI. *Fontaine Dec.,* ¶¶ 4-6; Ex. C. Further, CWI can only accept service of process on an employee's behalf when the employee gives prior permission. *Id.* Nevertheless, Plaintiff handed these documents to a security guard who was not

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND MOTION TO DISMISS - 2**

authorized to accept these documents. *Id.*

### III.    LEGAL STANDARD

Under FRCP 4(m), "[U]nless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all." *Cambridge Holdings Group v. Federal Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007). Although Rule 4 is a flexible rule, "without substantial compliance with Rule 4 'neither actual notice or simply naming the defendant in the complaint will provide personal jurisdiction.' " *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

"Fed. R. Civ. P. 12(b)(5) permits a party to raise the defense of insufficiency of service of process in a motion to dismiss." *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994). "When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected." *Id.* (citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981). "An individual defendant, or in some cases, an entire action, may be dismissed when a plaintiff fails to properly serve the summons and complaint." *Froland v. Yamaha Motor Co.*, 296 F. Supp. 2d 1004, 1006 (D. Minn. 2003) (citing *Marshall v. Warwick,* 155 F.3d 1027, 1030 (8th Cir. 1998)).

### IV.    ARGUMENT

**A.**    **<u>Plaintiff Failed to Effectuate Proper/Sufficient Service of Process as Required by FRCP Rules 4 and 12.</u>**

FRCP Rule 4 provides:

[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND MOTION TO DISMISS - 3**

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Meanwhile, FRCP 12 provides in part:

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

    ***

    (4) insufficient process;

    (5) insufficient service of process.

Under the Federal Rules of Civil Procedure and Idaho law, service can be accomplished upon a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .".  Fed. R. Civ. P. 4(h)(1)(B).  *See also Elliott v. Verska*, 152 Idaho 280, 285, 271 P.3d 678, 684 (2012). Meanwhile, when the state of Idaho or an agency of the state is a defendant in a tort action, service must be made by delivering two copies of the summons and complaint to the attorney general or a deputy attorney general in addition to any service required by applicable statute. *See* I.R.C.P. 4(d)(5). Idaho Code § 6–916 is such a statute; it specifically requires delivery of the summons and complaint to the secretary of state with a copy to the attorney general for all tort actions against a state agency.

Under any applicable standard, Plaintiff's service of process was insufficient. The copy of the summons was not delivered to the individual employees named in the suit, nor was it delivered to a registered agent of CWI. It cannot be said that, even had Plaintiff's action been brought timely to begin with, Plaintiff's service of process afforded notice to Defendants. Significantly, Ms. Fontaine, CWI's general counsel, was out of town when service was purportedly made, and the individual employees did not waive their rights to have service accepted on their behalf. *See*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND MOTION TO DISMISS - 4**

*Fontaine Dec.*¶ 3.  CWI has locations all over western Idaho and hundreds of employees, any of whom Plaintiff could have attempted to effectuate service of process upon. It is for this precise reason that Idaho law and CWI's own policies limit service of process to specific agents, so that Defendants can be put on proper notice that they are expected to respond in a matter where liability may be assessed against them.

Courts have held that procedural deficiencies under FRCP Rule 4 may be excused if good cause exists; actual notice is afforded; the defendant suffered no prejudice; and the plaintiff would be severely prejudiced if his or her complaint was dismissed. *Borzeka v. Heckler*, 739 F.2d 444, 446 (9th Cir. 1984). The existence of any of these scenarios is not supported by the facts here. First, the Plaintiff has not provided any basis for a finding of good cause. *See Martin v. Hoblit*, 133 Idaho 372, 377, 987 P.2d 284, 289 (1999) ("If a plaintiff fails to make any attempt at service within the time period of the rule, it is likely that a court will find no showing of good cause.") Second, while Defendant had sufficient notice to file a response as demonstrated herein, the risk exists that the untrained security guard who received Plaintiff's delivery could have failed to recognize what he accepted, misplaced the copies of the summons, or been unaware of whether or how to bring it to the attention of Defendant's office of the general counsel. This would have been highly prejudicial to Defendants, especially considering the attempted service of process was over two weeks past the deadline for Plaintiff to file her claim.  And, this type of "service" should not be encouraged, as it will lead to a dereliction of potential defendants' rights.  Lastly, dismissal would not prejudice the Plaintiff because her claim is already time-barred.

Plaintiff has not demonstrated good cause or any other basis upon which her deficient service of process could be remedied. As such, her claim against Defendants should be dismissed.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND MOTION TO DISMISS - 5**

B.    **Plaintiff's Claims are Time-Barred and No Claim for Relief Can Be Granted.**

"If a charge filed with the [EEOC] ... is dismissed by the [EEOC], ... the [EEOC], or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge". 42 U.S.C. § 200e-5(e). "If a litigant does not file suit within ninety days [of receiving a right-to-sue notice], then the action is time-barred." *Id. See, e.g.*, *Payan v. Aramark Mgmt. Servs*. L.P., 495 F.3d 1119, 1121–22 (9th Cir. 2007); *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992) (explaining that the 90-day filing period "constitutes a statute of limitations"), cert. denied, 506 U.S. 868 (1992).

The EEOC's letter issued to Plaintiff on or about October 11, 2023, serves as the applicable statute of limitations in this present action. The ninety-day period began running on October 11, 2023, or at the latest, on October 16, 2023[1], expiring on January 15, 2024. However, it was not until over two weeks later that Plaintiff filed her claim in this Court, on February 2, 2024. This filing on its face is improper and time-barred.

Moreover, Plaintiff has not indicated, much less established, that she is entitled to any form of extension or equitable tolling of this ninety-day period. The EEOC has not demonstrated any intent to withdraw its decision or revoke its *Determination* letter. *See Mahroom v. Def. Language Inst.*, 732 F.2d 1439, 1440–41 (9th Cir. 1984) (per curiam) (holding that "in absence of any indication that the [EEOC] intended to withdraw its earlier decision and revoke its first right-to-sue letter," the limitations period for filing suit was triggered by the first right-to-sue letter despite the EEOC's issuance of a second right-to-sue letter). Nor do the circumstances here warrant

---

[1] Note that this is additional time beyond the three-day presumption of receipt of notice; *Payan*, 495 F.3d at 1122, 1125 (adopting a rebuttable presumption that a right-to-sue letter is received within three days of its mailing where the date of actual receipt is unknown).

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND MOTION TO DISMISS - 6**

equitable tolling. *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) ("[e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control.")  There is no hint that anything extending Plaintiff's deadlines exists here.

Even if Plaintiff's service of process were not procedurally defective, she is not entitled to any relief here because her claims are time-barred. *See Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (holding that a "dismissal on statute of limitations grounds is a judgment on the merits" and operates as res judicata).  Her lawsuit would be subject to dismissal, even if it had been properly or timely served.

## V.    CONCLUSION

Based upon the foregoing reasons, Defendants respectfully request this Court to enter an Order quashing service of process and dismissing the Complaint against these Defendants.

DATED this 22nd day of March, 2024.

ANDERSON, JULIAN & HULL LLP

By: */s/ Anne S. Magnelli*
Anne Sullivan Magnelli, Of the Firm
Attorneys for Defendants

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND MOTION TO DISMISS - 7**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of March, 2024, I served a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND MOTION TO DISMISS** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | | |
|---|---|---|
| Victoria Sethunya | [  ] | U.S. Mail, postage prepaid |
| 256 W 3rd Street Apt. A4 | [  ] | Hand-Delivered |
| Burley, ID 83318 | [  ] | Overnight Mail |
| Telephone: (801) 462-9030 | [  ] | Facsimile |
| E-mail: victoriacsethunya@gmail.com | [  ] | E-mail |
| | [X] | ECF |

*Plaintiff pro se*


/s/ *Anne S. Magnelli*
Anne Sullivan Magnelli


**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND MOTION TO DISMISS - 8**