UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICTORIA SETHUNYA,<br><br>     Plaintiff,<br><br>v.<br><br>COLLEGE OF WESTERN IDAHO;<br>ALYSON TOLMAN; and JAC WEBB,<br><br>     Defendants. | Case No. 1:24-cv-00007-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Defendants' Motion to Quash Service of Process and Motion to Dismiss due to Improper Service, Insufficient Process, and Insufficient Service of Process (Dkt. 10), Plaintiff's Motion to Answer Defendants' Reply Memorandum and to Request the Court to Order Defendants to Use the Original Complaint Caption (Dkt. 21), and Defendants' Motion to Strike Plaintiff's Answer to Defendants' Reply Memorandum (Dkt. 22). The Court finds oral argument would not significantly aid its decision-making process and decides the motions on the parties' submissions. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed, the Court grants Defendants' motion to quash service and denies Defendants' motion to dismiss. Further, the Court denies Plaintiff's motion to answer and grants Defendant's motion to strike.

**I. BACKGROUND**

Plaintiff Victoria Sethunya, proceeding pro se, filed a complaint against Defendants College of Western Idaho (CWI), Alyson Tolman, and Jac Webb. (Dkt. 1). Plaintiff is a former English as a second language (ESL) teacher at the College of Western Idaho and a black woman

**MEMORANDUM DECISION AND ORDER** - 1

who suffers from Post Traumatic Stress Disorder (PTSD). (Dkt. 1 at p. 6). Plaintiff alleges Defendants violated Title VII of the Civil Rights Act of 1984 (CRA), the Americans with Disabilities Act (ADA), and the Fair Labor Standards Act (FLSA) by engaging in a course of conduct involving racially motivated microaggressions, racial discrimination, hostile work environment, retaliation, failure to accommodate a disability, and wrongful termination. (Dkt. 1 at pp. 4, 6-7).

Plaintiff filed her complaint on January 8, 2024. (Dkt. 1). In her complaint, she acknowledges she filed a grievance with the U.S. Equal Employment Opportunity Commission (EEOC) and eventually received a right to sue letter from the EEOC, but she does not indicate when she received the EEOC's letter. (Dkt. 1 at p. 6). Plaintiff also filed requests for waiver of service of summonses for each Defendant with her complaint. (Dkt. 1-2 at pp. 1-6). On February 2, however, the Clerk issued summonses for each Defendant. (Dkt. 5). Thereafter, Plaintiff filed proof of service, indicating each Defendant was served via delivery of process to Stan Niccolls, Director of Security for CWI. (Dkt. 8).

On March 22, Defendants filed a motion to quash service and a motion to dismiss. (Dkt. 10). Defendants contend Niccolls was not authorized to accept service of process for Defendants. (*Id.* at pp. 1-2). They also move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they argue the complaint is time-barred by the EEOC's ninety-day filing requirement. (Dkt. 10-1 at p. 2). Following the completion of briefing on Defendants' motion to quash service and motion to dismiss, Plaintiff moved to "answer" Defendants' reply and requested the Court order Defendants "to use the proper Complaint caption." (Dkt. 21 at pp. 1, 4). In response, Defendants moved to strike Plaintiff's motion as procedurally improper and prejudicial. (Dkt. 22 at pp. 1-2).

MEMORANDUM DECISION AND ORDER - 2

## II. LEGAL STANDARD

### A. Rule 12(b)(5) – Insufficient Service of Process

Under Rule 12(b)(5), a defendant may seek dismissal of a case where the plaintiff fails to serve the defendant in compliance with Rule 4. *See, e.g.*, *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (reasoning that district courts have discretion to quash or dismiss for improper service). Where service is challenged, the plaintiff bears the burden of establishing that service complied with Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4 is flexible and should be "liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). That said, actual notice is not dispositive in determining whether service was properly effected; rather, a plaintiff generally must establish substantial compliance with Rule 4. *Crowley*, 734 F.3d at 975.

### B. Rule 12(b)(6) – Failure to State a Claim

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim on which the court can grant relief. A court's inquiry under Rule 12(b)(6) "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). To state a claim, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although Rule 8 does not require detailed factual allegations, it

demands more than an unadorned accusation that the defendant harmed the plaintiff. *Iqbal*, 556 U.S. at 678. Courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### III. ANALYSIS

In moving to dismiss, Defendants argue that Plaintiff failed to effectuate proper service on them and that she did not file her complaint within ninety days of receiving the right to sue letter from the EEOC.[1] (Dkt. 10-1 at pp. 3-8). In response, Plaintiff contends her process server assured her service was sufficient; proper service was ultimately in Defendants' control; and she filed her complaint within ninety days of receiving the right to sue letter. (Dkt. 19 at pp. 2-3).

**A.  Plaintiff's Motion to Answer Defendants' Reply Memorandum and to Request the Court to Order Defendants to Use the Original Complaint Caption**

As a preliminary matter, the Court addresses Plaintiff's motion to answer and Defendants' motion to strike Plaintiff's motion. (Dkts. 21, 22). The Court construes Plaintiff's motion to answer Defendants' reply as a sur-reply. The local rules do not allow a responding party to file a sur-reply. *See* Dist. Idaho Loc. Civ. R. 7.1(c) (allowing responding party to file only response brief). Accordingly, Plaintiff's motion to answer is denied; Defendants' motion to strike is granted; and the Court strikes Plaintiff's motion to answer. *See, e.g.*, *Ortiz v. U.S. Dep't of State*, No. 1:22-CV-00508-AKB, 2023 WL 4407569, at *2 n.3 (D. Idaho July 7, 2023) (striking unauthorized sur-

---

[1] Defendants' motion also summarily contends the process was insufficient. (Dkt. 10-1). Defendants, however, provide no argument or authority regarding how or why the process was insufficient. The Court notes Plaintiff's proof of service indicates copies of both the summonses and complaint were served. (Dkt. 8). *See* Fed. R. Civ. P. 4(c)(1). In the absence of any allegations about deficiencies in the process, the Court declines to consider this argument. *See Staples v. Outsource Receivables Mgmt.*, No. 4:12-CV-00014-BLW, 2013 WL 12137841, at *1 (D. Idaho July 24, 2013).

reply); *Winn v. Blades*, 1:16-cv-00390-BLW, 2018 WL 297567, at *2 (D. Idaho Jan. 4, 2018) (same). Even if the Court were to consider Plaintiff's sur-reply, it provides no basis for a different outcome.[2]

**B.    Defendants' Motion to Quash Service of Process and Dismiss Complaint**

Defendants move to quash service of process and dismiss the complaint for insufficient service of process. (Dkt. 10-1 at pp. 3-5). Specifically, Defendants argue process was not served on Defendants Tolman and Webb or on a registered agent of Defendant CWI. (*Id.* at p. 4). In response, Plaintiff maintains the process server "assured her" they properly served Defendants by leaving service with the Director of Security and that Defendant CWI's own policies require security officers to send process servers to the correct location to effect service. (Dkt. 19 at p. 3).

   **1.    Defendant CWI**

Defendants contend service of Defendant CWI was improper under both Rules 4(h) and 4(j).[3] (Dkt. 10-1 at pp. 3-5). First, Rule 4(h) details how to serve a corporation, partnership, or association. Rule 4(h) requires service in the manner provided by Rule 4(e)(1) or by serving process on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(e)(1) allows service according to state law for

---

[2]    The Court will use the caption as provided in Plaintiff's complaint. The Court notes Plaintiff's complaint alleges claims under Title VII, ADA, and FLSA. The Ninth Circuit has foreclosed individual liability for damages under Title VII and the ADA. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (providing liability under Title VII is limited to the employer); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (providing "individual defendants cannot be held personally liable for violations of the ADA"). In some circumstances, however, an individual may be held personally liable under the FLSA. *Boucher v. Shaw*, 572 F.3d 1087, 1090-91 (9th Cir. 2009).

[3]    Defendants' briefing suggests CWI can be validly served under either Rule 4(h) or 4(j)(2). CWI's "Board Manual" outlines service procedures consistent with Rule 4(j)(2). Idaho Code § 33-2108, however, regards Idaho's junior colleges as "public corporations" capable of being sued individually. Additionally, Idaho Code § 74-403(6) does not define "government entity" to include schools. Taken together, these statutes support that service would be proper under Rule 4(h).

**MEMORANDUM DECISION AND ORDER - 5**

individual service. The Idaho rule, as incorporated by Rule 4(e)(1), allows service of a competent individual, over the age of fourteen to be served by (a) giving a copy of the complaint and summons directly to that person, (b) leaving copies of the summons and complaint with someone over eighteen years old where the defendant lives, or (c) by serving an appointed or legal agent of the individual. I.R.C.P. 4(d)(1)(A)-(C). Second, Rule 4(j)(2) governs service on a state or local government and requires service be executed by leaving a copy of the summons and complaint with the chief executive officer or according to state law for serving a state or local government. The Idaho rule for serving a state or local government allow the "chief executive, secretary or clerk" to be served. I.R.C.P. 4(d)(4)(B).

Here, Plaintiff's proof of service provides copies of the complaint and summonses were left with Stan Niccolls. (Dkt. 8 at p. 2). Niccolls is CWI's Director of Security. (Dkt. 8; Dkt. 10-2 at p. 2). Plaintiff does not argue Niccolls was an appropriate agent to accept service but instead argues Niccolls should have escorted the process server to the appropriate person based on CWI's "Board Manual." (Dkt. 19 at pp. 3-4). The Board Manual, however, is merely advisory and does not overcome the state or federal law's requirements to effectuate proper service. The law places the burden on the plaintiff, not the defendant, to ensure service is proper. *Brockmeyer*, 383 F.3d at 801. Moreover, Plaintiff's argument that Niccolls should have directed the process server to the appropriate person to accept service implicitly acknowledges Niccolls was not authorized to accept service. Finally, despite Plaintiff's argument to the contrary, Plaintiff's burden to properly serve Defendants is not alleviated by the process server's assurances that the correct person was served. *See Brandon H. v. Kennewick Sch. Dist. No. 17*, No. 96-35789, 1998 WL 10552, at *1 (9th Cir. 1998) ("Blind faith reliance upon the representations of private process servers is inappropriate and does not constitute good cause"). Because Niccolls is neither an individual defendant, chief

**MEMORANDUM DECISION AND ORDER - 6**

executive officer, nor any kind of agent authorized to accept service, Defendant CWI was not properly served. The Court grants the motion to quash service as to Defendant CWI.

### 2. Defendants Tolman and Webb

Defendants also argue Plaintiff failed to individually serve Defendants Tolman and Webb. (Dkt. 10-1 at p. 4). Individuals must be served according to Rule 4(e). Rule 4(e) provides four different avenues for service. First, Rule 4(e)(1) allows a defendant to be served according to state law for individual service. Idaho state law and Federal Rule of Procedure 4(e)(2) allow service of a competent individual, over the age of fourteen to be served by (a) giving a copy of the complaint and summons directly to that person, (b) leaving copies of the summons and complaint with someone over eighteen years old, where the defendant lives, or (c) by serving an appointed or legal agent of the individual. I.R.C.P. 4(d)(1); Fed. R. Civ. P. 4(e)(2).

Plaintiff's proof of service for Defendants Tolman and Webb provides copies of the summonses and complaint were left with Stan Niccolls, Director of Security. (Dkt. 8 at pp. 1, 3). Plaintiff does not argue that the address for service was where Defendants lived or that Defendants appointed Niccolls or CWI to accept service on their behalf. Further, attempting to serve an individual at their workplace is generally insufficient to comply with the rule. *See Asbell v. Hamon*, No. 1:22-cv-00045-DCN, 2023 WL 4847162, at *2 (D. Idaho July 27, 2023); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). Accordingly, serving the complaint and summonses at Defendants' workplace was not proper service. For this reason, the Court grants the motion to quash service as to Defendants Tolman and Webb as well.

### 3. Dismissal for Lack of Proper Service

Given the ineffective service, Defendants move for dismissal of Plaintiff's complaint. (Dkt. 10-1 at p. 5). As Defendants acknowledge, however, a plaintiff's procedural deficiencies under Rule 4 may be excused under some circumstances. (Dkt. 10-1 at p. 5). *See Borzeka v.*

MEMORANDUM DECISION AND ORDER - 7

*Heckler*, 739 F.2d 444, 446 (9th Cir. 1984). In order "to prevent serious miscarriages of justice," the Ninth Circuit has established a test to determine whether dismissal for ineffective service of process is appropriate. *Id.* at 447. Dismissal is not appropriate if (1) the defendants had actual notice, (2) the service defect caused no prejudice to the defendants, (3) the plaintiff has a "justifiable excuse" or good cause for the defective service, and (4) the plaintiff would suffer severe prejudice if claims were dismissed. *Id.*

Here, Defendants concede they had actual notice of this suit. (Dkt. 10-1 at p. 5). Indeed, Defendants appeared and filed a motion to dismiss. Additionally, Defendants do not seriously contend they suffered any prejudice due to defective service. (*See id.* at p. 5). Rather, Defendants only allege potential prejudice because of what *could have* happened if they had not received actual notice. (*See id.*). As such, the first two factors weigh against dismissal.

Turning to whether Plaintiff has a justifiable excuse for defective service, Plaintiff indicates she was under the belief Niccolls "was supposed to be advised by Defendants on how to handle the Summons and Complaint properly." (Dkt. 19 at p. 3). Plaintiff's belief is taken from Defendant CWI's Board Manual. (*Id.*). The Ninth Circuit has encouraged district courts to be mindful of a plaintiff's pro se status "when technical jurisdictional requirements are involved." *See Borzeka*, 739 F.2d at 447 n.2. Given Plaintiff's pro se status and her mistaken belief about service based on Defendant CWI's own representations, service upon Niccolls was fair. *See, e.g.*, *Staples v. Outsource Receivables Mgmt.*, No. 4:12-CV-00014-BLW, 2013 WL 12137841, at *3 (D. Idaho July 24, 2013); *Kinney v. Erikson*, No. 4:11-CV-00471-BLW, 2012 WL 1288805, at *4 (D. Idaho Apr. 16, 2012).

The final factor also weighs against dismissal. A plaintiff will suffer severe prejudice from dismissal if her claims will then be time-barred. *Borzeka*, 739 F.2d at 447-48; *see also Hart v.*

*United States*, 817 F.2d 78, 81 (9th Cir. 1987) (noting that a claim being thereafter time-barred is not enough, standing alone, to waive the service requirement). As Defendants contend, Plaintiff will be unable to bring her claims again if her complaint is dismissed because more than ninety days have now elapsed since Plaintiff received the right to sue letter.

Based on the foregoing, dismissal is not appropriate here. Consequently, the Court denies Defendants' motion to dismiss for insufficient service of process. Instead, the Court grants Plaintiff forty-five (45) days to effectuate proper service consistent with this decision. *See* Fed. R. Civ. P. 4(m). The Court cautions Plaintiff to be familiar and diligent in effectuating service consistent with Rule 4 of the Federal Rules of Civil Procedure.

**C.      Defendants' Motion to Dismiss Complaint as Time-Barred**

Defendants next contend Plaintiff's complaint is time-barred because Plaintiff did not file her suit within ninety days of receiving the right to sue letter. (Dkt. 10-1 at p. 6). Indeed, a complaint fails to state a claim for relief if its claims are time-barred by the relevant statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). The ninety-day period following an EEOC issuance of a right to sue letter operates as a limitation period. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007).

Plaintiff recognizes she had ninety days to sue following the EEOC's decision, but her complaint does not identify on what date the EEOC issued the right to sue letter. (*See* Dkt. 1). Nonetheless, Plaintiff does not dispute Defendants' contention that the EOCC issued its decision on October 11, 2023. (*See* Dkt. 10-1 at p. 6). Plaintiff maintains that because she filed her complaint on January 8, 2024, it was timely filed within ninety days. (Dkt. 19 at p. 2). In response, Defendants contend Plaintiff had until January 15, 2024, to file her complaint but did not file until February 2, 2024. (Dkt. 10-1 at p. 6). Contrary to Defendants' argument, Plaintiff filed her

complaint with the Court on January 8, 2024. (*See* Dkt. 1).[4] Accordingly, the Court denies Defendants' motion to dismiss.

## IV. ORDER

**IT IS ORDERED that:**

1. Defendants' Motion to Quash Service of Process and Motion to Dismiss Due to Improper Service, Insufficient Process, and Insufficient Service of Process (Dkt. 10) is **GRANTED IN PART** and **DENIED IN PART**.

2. The Court **GRANTS** Plaintiff an additional **forty-five (45) days** from the issuance of this order to effectuate service upon Defendants.

3. Plaintiff's Motion to Answer Defendants' Reply Memorandum and to Request the Court to Order Defendants to Use the Original Complaint Caption (Dkt. 21) is **DENIED**.

4. Defendants' Motion to Strike Plaintiff's Answer to Defendants' Reply Memorandum (Dkt. 22) is **GRANTED.** Plaintiff's Motion to Answer Defendants' Reply Memorandum and to Request the Court to Order Defendants to Use the Original Complaint Caption (Dkt. 21) is **STRICKEN**.

DATED: October 08, 2024

Amanda K. Brailsford
U.S. District Court Judge

---

[4] Although Plaintiff filed her complaint on January 8, 2024, the summonses were not issued until February 2 . (*See* Dkts. 1, 5). That the summonses in this case were later issued does not change the outcome. An action begins when the plaintiff files her complaint with the court. Fed. R. Civ. P. 3; *see Escobedo v. Applebees*, 787 F.3d 1226, 1232 (9th Cir. 2015).