UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICTORIA SETHUNYA,<br><br>    Plaintiff,<br><br>v.<br><br>COLLEGE OF WESTERN IDAHO; ALYSON TOLMAN; and JAC WEBB,<br><br>    Defendants. | Case No. 1:24-cv-00007-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Plaintiff's Motion for a Temporary Injunction, which the Court construes as a motion for a preliminary injunction (Dkt. 43); Plaintiff's Amended Complaint, which the Court construes as a motion to amend the complaint (Dkt. 44); and Defendants' Motion to Strike Amended Complaint (Dkt. 45). The Court finds oral argument would not significantly aid its decision-making process and decides the motions on the parties' submissions. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons below, the Court denies as moot Plaintiff's motion for a preliminary injunction, grants Plaintiff's motion to amend the complaint, and denies Defendant's motion to strike as moot.

### I.    BACKGROUND

Plaintiff Victoria Sethunya, proceeding pro se, filed a complaint against Defendants College of Western Idaho ("CWI"), Alyson Tolman, and Jac Webb (Dkt. 1). Plaintiff is a former English as a second language ("ESL") teacher at the College of Western Idaho and a black woman

who suffers from Post-Traumatic Stress Disorder ("PTSD") (Dkt. 1 at p. 6). Plaintiff's initial complaint alleges CWI, Tolman, and Webb violated Title VII of the Civil Rights Act of 1984 ("CRA"), the Americans with Disabilities Act ("ADA"), and the Fair Labor Standards Act ("FLSA") by engaging in a course of conduct involving racially motivated microaggressions, racial discrimination, hostile work environment, retaliation, failure to accommodate a disability, and wrongful termination (Dkt. 1 at pp. 4, 6-7). Defendants contend Plaintiff remains a CWI employee (Dkt. 48 at p.2), and CWI chose to forego offering virtual ESL courses taught by Plaintiff due to a budget shortfall (Dkt. 31 at ¶ 8, Dkt. 48 at p. 2).

Defendants filed a motion to quash service and a motion to dismiss. (Dkt. 10). The Court ultimately denied Defendant's motion to dismiss Plaintiff's complaint but granted Defendants' motion to quash service (Dkt. 26). Because Plaintiff is a pro se litigant, the Court granted her an additional forty-five days to effectuate service properly (*id.*). Plaintiff requested an additional extension of time of approximately three weeks to effectuate service (Dkt. 27), which the Court granted. (Dkt. 28). Plaintiff effectuated service on Defendants on December 13 (Dkt. 29).

On April 4, Plaintiff moved to amend her complaint (Dkt. 37). Plaintiff's motion explained that "new information obtained through her [discovery] responses" enabled her to "identify additional grounds upon which she can more clearly articulate her claims against Defendants" (*id.*). She asked for leave to amend her complaint but did not attach any copy of her amended complaint or identify what claims she planned to raise or amend (*id.*). She explained she would not be able to "finalize [her complaint] until April 19" (*id.*). The Court denied her motion without prejudice, but given her pro se status, it construed her motion as a request for an extension and granted her an extension to file her motion to amend.

**MEMORANDUM DECISION AND ORDER - 2**

On April 9, Plaintiff requested additional time to prepare discovery responses, which the Court granted (Dkt. 42). Three days later, Plaintiff filed a "temporary injunction" against Defendants (Dkt. 43). Plaintiff requested they "remove and deactivate her photo and profile from Defendants' website, social medial accounts, marketing materials, and all other public-facing platforms" (*id.*). She claims the display of her profile "constitutes a false representation of her employment status" and harms her professional reputation and ability to secure new employment, though she did not identify a particular cause of action under Idaho or federal law (*id*). Plaintiff identifies only one public profile on CWI's website (*id.* at Ex. A). Plaintiff concedes she did not ask Defendants to take down her profile before filing the instant motion (*id.* at p. 2) (explaining "Plaintiff has not directly communicated with Defendants regarding the removal of her photo and profile").

On April 18, Plaintiff mailed a copy of her amended complaint to the Court (Dkt. 44). Plaintiff did not file any accompanying motion to amend but attached only the amended complaint (*id.*). Her amended complaint repeats past allegations in her previous handwritten complaint, lists the same defendants, and adds a new defendant, Heather Cerovski, who served as a human resources representative for CWI (*id.* at p. 2). She also lists the individual legal claims and the relief she is seeking (*id.*).

On April 25, Defendants filed a motion opposing Plaintiff's motion to amend and moved to strike the amended complaint (Dkt. 45). Defendants challenge Plaintiff's amended complaint based on Plaintiff's failure to seek leave from the Court or a stipulation from Defendants before filing the complaint. Defendants further argue any motion to amend should be denied as untimely

**MEMORANDUM DECISION AND ORDER - 3**

and without good cause.[1] The Court stayed Defendants' deadline to respond to Plaintiff's amended complaint until it ruled on Defendants' challenge to that amended complaint (Dkt. 46). Defendants have since filed a motion opposing Plaintiff's motion for a preliminary injunction, in which they explain Plaintiff has so far declined Defendant's proposal to resolve the website profile issue without court intervention (Dkt. 48).

## II.  DISCUSSION

### A.  Plaintiff's Motion for a Preliminary Injunction

Under Federal Rule of Civil Procedure 65, a party may obtain injunctive relief before a final judgment in certain limited circumstances. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits; she is likely to suffer irreparable harm in the absence of preliminary relief; the balance of equities tips in her favor; and an injunction is in the public interest. *Winter*, 555 U.S. at 20 (explaining the four main "*Winter*" factors for granting a preliminary injunction).

The first factor—the likelihood of success on the merits—is "the most important." *N. D. v. Reykdal*, 102 F.4th 982, 992 (9th Cir. 2024). A plaintiff cannot point to amorphous questions of law across her pleadings as grounds for an injunction; a plaintiff must show a likelihood of success in proving the claim at issue in her preliminary injunction. *See All. for the Wild Rockies v. Petrick*,

---

[1]  As Defendants acknowledge, Rule 16(b)'s "good cause" standard governs a party's amendments after the scheduling order deadline. Plaintiff here, however, mailed her amended complaint before the Court's extended deadline to file her complaint (Dkt. 41). To the degree the Court construes Plaintiff's amended complaint as a motion to amend her complaint, Rule 15— rather than Rule 16—applies because she filed the complaint *before* the Court's deadline.

68 F.4th 475, 496-97 (9th Cir. 2023). The movant must carry this burden "by a clear showing." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Here, Plaintiff has failed to demonstrate a likelihood of success on the merits of her claim for relief sought in her preliminary injunction. Plaintiff states she "has a strong likelihood of success on the merits of her claims, which included wrongful termination, failure to accommodate, and disability discrimination under the [ADA]" and that "Defendants' misrepresentation of her employment is closely related to [those] core issues." Plaintiff appears to misunderstand her burden; she must prove the likelihood of success on the claim raised in her preliminary injunction regarding the website, not unrelated claims raised in her complaint. She identifies no federal or state cause of action as a basis for Defendants to remove her profile from Defendants' website. To the degree Plaintiff's motion for injunctive relief relates to her other claims, she fails to meet her burden. Plaintiff's motion contains only a cursory statement she is likely to succeed on the merits, which falls short of the "clear showing" standard any litigant must meet before a court grants injunctive relief. *Lopez*, 680 F.3d at 1072.

Plaintiff also fails to show other *Winter* factors warrant a preliminary injunction. Plaintiff states Defendants' display of a profile is causing her irreparable harm, but she provides no explanation regarding how the profile has impacted her employment prospects or her professional reputation. Defendants contend she is still employed by CWI, so her profile is not a misrepresentation (Dkt. 48 at p. 4). The profile contains only biographical information; it is unclear why, after three years of being publicly viewable, this information is now harmful to Plaintiff. Plaintiff has also not explained how this biographical information has limited her employment

**MEMORANDUM DECISION AND ORDER - 5**

n/a
n/a

n/a

n/a

prospects; as Defendants point out, employees frequently seek future employment while maintaining current employment (*id.*).

Plaintiff also does not explain how the balance of harms weighs in favor of her motion. She states there is "no valid justification" for the continued display (Dkt. 43), though Defendants contend she is still a CWI employee (Dkt. 48 at p. 4). Defendants explain that the parties engaged in good-faith efforts to remove the profile, "so long as Plaintiff agrees not to use the removal as unfair leverage in her suit against Defendants" (*id.* at p. 5) (citing Ex. A, B). Plaintiff has so far declined Defendants' offers to remove the profile without court intervention (*id.*). Plaintiff provides no other information in her motion to support her allegations that the profile is causing her ongoing harm. In light of Plaintiff's unsupported claims, the Court finds that she has not shown the balance of harms here tips in her favor.

Plaintiff declares her preliminary injunction is in the public interest because "[a]llowing employers to falsely present former employees as current staff undermines professional integrity and may mislead both the public and other employers" (Dkt. 43 at p. 4). Defendants respond that this information is not invasive or inaccurate and reflects a public entity's desire to be accessible and transparent about its services and service providers (Dkt. 48 at pp. 5-6). Given these claims, the Court finds Plaintiff has not shown that public interest weighs in favor of granting the relief she seeks—she has not explained how Defendants are sharing false information, how it undermines professional integrity, or how it may mislead others.

Accordingly, the Court denies Plaintiff's motion for a preliminary injunction because she has failed to meet her burden in showing how the *Winter* factors support her request for relief. The

Court advises all parties to dedicate themselves to arguing the merits of the underlying claims in this case rather than litigate unrelated disputes that should be resolved without court intervention.

**B.     Defendant's Opposition to Plaintiff's Motion to Amend Complaint**

Rule 15 of the Federal Rules of Civil Procedure generally governs the amendment and supplementation of pleadings. Concerning motions to amend before trial that are not a matter of course, Rule 15 permits amendment "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If the opposing party does not consent to an amendment, "[t]he court should freely give leave when justice so requires." *Id*. This standard favors amendment and should "be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Five factors guide the Court's analysis of whether a motion for leave to amend is appropriate: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these five factors, the Ninth Circuit has found the most crucial to be whether an amendment would prejudice the opposing party. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also Eminence*, 316 F.3d at 1052 (explaining prejudice is the touchstone of the inquiry under Rule 15(a)). The party opposing an amendment carries the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In weighing these factors, the district court may also consider whether the party seeking an amendment under Rule 15 is a pro se litigant. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (explaining the "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant") (internal citations omitted).  Given frequent procedural errors by pro se

**MEMORANDUM DECISION AND ORDER - 7**

litigants, the Ninth Circuit has advised district courts to construe pro se litigants' successive complaints as "inartful attempts" to amend their first pleadings. *See, e.g.*, *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1060 (9th Cir. 2016) (finding a pro se litigants' reassertion of the same complaints to be an "inartful attempt to amend the first pleading"). Accordingly, a district court may grant a pro se plaintiff leave to amend under Rule 15, "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Once a party misses the deadline to amend, however, her burden increases; the amending party must meet the more demanding "good cause" standard under Rule 16 to amend a pleading. *See Workman v. Siegart*, 818 Fed. App'x 589, 591 (9th Cir. 2020) (affirming a lower court's denial of a pro se party's motion to amend, which failed to show good cause for amending after the scheduling order deadline).

Here, Plaintiff previously moved to amend her complaint "based on new information obtained through her responses" to Defendants' discovery (Dkt. 37). The Court denied her motion because it did not contain a copy of the amended pleading nor identify what amendments Plaintiff sought (Dkt. 41). The Court extended the deadline for her to file another motion for leave to amend (*id.*). Plaintiff proceeded to refile her amended complaint without any motion. Defendants (correctly) highlight these missteps (Dkt. 45 at p.4). Still, Defendants have not met their burden to show Plaintiff's amendment is prejudicial. *DCD Programs, Ltd.*, 833 F.2d at 187. Defendants acknowledge her complaint "contains no new claims or requests for relief" (Dkt. 45 at p. 3). Even if Plaintiff restyles old arguments, Defendants state that discovery is still ongoing (*id.* at p. 6), which gives the parties additional time to tailor discovery to the new complaint. Defendants have

**MEMORANDUM DECISION AND ORDER - 8**

also not demonstrated how Plaintiff's addition of a third CWI employee in her complaint is prejudicial; Plaintiff has already named two other CWI employees and CWI itself, meaning Defendants were on notice that Plaintiff would likely attempt to name other CWI employees involved in Plaintiff's grievances.[2] While Defendants suggest Plaintiff has already had "two fair attempts to file a Complaint" (*id.*), neither attempt resulted in an actual amended pleading.

The Court acknowledges Plaintiff has struggled to follow basic court rules and procedures, which has delayed this proceeding. At this stage, however, the Court does not find evidence of bad faith on Plaintiff's behalf. Moreover, Ninth Circuit case law directs this Court to liberally grant leave for pro se Plaintiff to file an amended complaint before the Court's deadlines, even when Plaintiff failed to seek leave before the amendment. *See Lopez*, 203 F.3d at 1131. Accordingly, the Court treats Plaintiff's amended complaint as a motion to amend and grants the motion. As the Court grants Plaintiff's motion to amend, the Court denies Defendants' motion to strike Plaintiff's amended complaint as moot.

---

[2] Defendants also argue that they were not on notice when the suit was initially filed that Plaintiff was attempting to seek recovery from them based on theories of personal liability (Dkt. 26 at p. 5). As the Court explained in its past order, "[t]he Ninth Circuit has foreclosed individual liability for damages under Title VII and the ADA" (Dkt. 26 at p. 5 n.2 (citing *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006)). If Plaintiff indeed seeks relief under Title VII and the ADA against named Defendants on theories of personal liability, those claims will fail.

**MEMORANDUM DECISION AND ORDER - 9**

### III.    ORDER

**IT IS ORDERED that:**

1.    Plaintiff's Motion for a Preliminary Injunction (Dkt. 43) is **DENIED**.[3]

2.    Plaintiff's Motion to Amend Complaint (Dkt. 44) is **GRANTED**.[4] Plaintiff shall serve a copy of the amended complaint upon Defendants no later than **thirty (30)** days after issuance of this order. The Court is unlikely to grant any extension for service. Defendant shall respond to Plaintiff's Amended Complaint no later than **fourteen (14)** days after service of the amended pleading.

3.    Defendant's Motion to Strike Plaintiff's Amended Complaint (Dkt. 45) is **DENIED AS MOOT.**

DATED: May 07, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge

---

[3]    Plaintiff styles her motion as a "Temporary Injunction," which the Court construes as a motion for a preliminary injunction.

[4]    Plaintiff styles her filing as an Amended Complaint, which the Court construes as a motion to amend her complaint.