UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICTORIA SETHUNYA,<br><br>           Plaintiffs,<br><br>v.<br><br>COLLEGE OF WESTERN IDAHO;<br>ALYSON TOLMAN; JAC WEBB; and<br>HEATHER CEROVSKI,<br><br>           Defendants. | Case No. 1:24-cv-00007-AKB<br><br>**MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS** |

Pending before the Court are the following motions: Plaintiff's First Motion for Summary Judgment re: Failure to Accommodate & Retaliation (Dkt. 63); Plaintiff's Second Motion for Summary Judgment re: Constructive Termination (Dkt. 70); Plaintiff's Motion to Compel Production re: Email Metadata (Dkt. 76); Plaintiff's Motion to Seal or Strike Exhibit A (Dkt. 79); Plaintiff's Motion to Redact Confidential Personal History in Exhibit C (Dkt. 83); Defendants' Motion for Rule 11 Sanctions (Dkt. 97); Defendants' Motion to Compel and Rule 37 Sanctions (Dkt. 98); Plaintiff's Emergency Motion for Protective Order (Dkt. 110); and Defendants' Motion for Rule 35 Examination of Plaintiff (Dkt. 112). The Court held an omnibus hearing on all pending motions on October 16, 2025, and issued rulings on all the pending motions from the bench. This written decision memorializes the Court's oral rulings.

## BACKGROUND

Plaintiff, Victoria Sethunya, is proceeding pro se in this case against Defendants College of Western Idaho (CWI), Alyson Tolman, Jac Webb, and Heather Cerovski. In about November

2020, CWI hired Plaintiff for a teaching position, and in October 2021, she notified Defendants that she suffered from post-traumatic stress disorder (PTSD) and requested reasonable accommodation. In January 2024, Plaintiff filed this action alleging numerous claims for relief (Dkt. 1). In May 2025, she amended her complaint, which alleges claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132, for failure to accommodate, retaliation, and a hostile work environment; claims for negligent and intentional infliction of emotional distress under Idaho common law; and a claim for alleged "spiritual and cultural harm" (Dkt. 57 at § 6, ¶¶ 30-52). Since filing her amended complaint, Plaintiff has filed a plethora of motions, including two summary judgment motions, and she has been embroiled in numerous discovery disputes with Defendants resulting in various discovery motions.

## LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome under governing law; a dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the responsibility of identifying portions of the record demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does so, the opposing party must then designate specific facts, supported by admissible evidence, showing that a genuine dispute exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Arguments, assertions, and unsupported allegations are not evidence. Fed. R. Civ. P. 56(c)(1). Affidavits or declarations must be made on personal knowledge, set forth admissible facts, and show that the affiant is competent to testify. Fed. R. Civ. P. 56(c)(4). The Court may only consider facts supported by admissible evidence. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

The District of Idaho's local rules reinforce these principles. A party moving for or opposing summary judgment must submit both a memorandum and a statement of disputed facts, each with pinpoint citations to the record. Dist. Idaho Loc. Civ. R. 7.1. The Court does not automatically deem unopposed factual assertions admitted; rather, it independently evaluates whether the movant's evidence establishes the absence of a genuine dispute and supports judgment as a matter of law. Dist. Idaho Loc. Civ. R. 7.1(e)(2) (citing Fed. R. Civ. P. 56 and Loc. Civ. R. 7.1(b)(1) and (c)(2)).

Because Plaintiff is proceeding pro se, the Court construes her filings liberally and holds her to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Nevertheless, pro se litigants, such as Plaintiff, must still follow the same substantive and procedural rules as other litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). In the context of Rule 56, "an ordinary pro se litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150. Courts are not required to accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS - 3**

B.  **Discovery**

Rule 26(b)(1) of the Federal Rules of Civil Procedure governs the scope of discovery. It provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Ev. 401. "[T]he question of relevancy is to be more loosely construed at the discovery stage than at the trial." 8 FED. PRAC. & PROC. CIV. § 2008 (3d ed). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Under Rule 37, a party seeking discovery may move for an order compelling production by a party who has failed to produce requested documents. Fed. R. Civ. P. 37(a)(3).

C.  **Rule 11 Sanction**

"Rule 11 provides for sanctions, not fee shifting. It is aimed at deterring, and if necessary punishing improper conduct rather than merely compensating the prevailing party." *United States ex rel. Leno v. Summit Constr. Co.*, 892 F.2d 788, 791 n.4 (9th Cir. 1989). "[T]he main purpose of Rule 11 is to deter improper behavior, not to compensate the victims of it or punish the offender." 5A CHAS A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1336.3 (3d ed. 2004). The text of Rule 11 provides that a sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). If warranted for effective deterrence, Rule 11 authorizes the Court to issue an order directing payment to the movant of some or all of the reasonable attorney's fees and other

expenses incurred as a direct result of the violation. *Id.* Rule 11 sanctions, in contrast, are "reserve[d] . . . for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Id.* at 1345.

## RULINGS

**1. Plaintiff's First Motion for Summary Judgment re: Failure to Accommodate & Retaliation (Dkt. 63)**

In support of her first summary judgment motion, Plaintiff argues that Defendants failed to provide reasonable accommodations after she notified them of her PTSD and submitted a written accommodation request in October 2021 seeking "extra time for task completion, simplified instructions, reduced stress environments, and remote/hybrid teaching options" (Dkt. 57 at ¶ 10). Further, Plaintiff alleges Defendants retaliated against her by reducing her teaching assignments and by excluding her from assignments and communications after she requested disability accommodations and complained of discrimination (*id.* at ¶¶ 17, 57).

In support of her motion, Plaintiff does not present any supporting affidavits or declarations. Rather, she presents a smattering of documents attached to a document entitled "Plaintiff's Notice of Filing Exhibits" which identifies "exhibits" by numbers and descriptions (Dkt. 63-2). These numbers and descriptions, however, do not in many instances match the numbering or the character of the attached documents. Further, many of the documents do not appear to be true and correct copies because they contain text that is clearly not part of the document or unidentified handwriting. In short, deciphering whether the documents are authentic and for what purpose Plaintiff provides them is difficult, if not impossible, and they do not establish

a prima facie case for retaliation or failure to accommodate or otherwise establish the absence of a genuine dispute of material fact. *See Celotex*, 477 U.S. at 323.

Defendants oppose Plaintiff's first summary judgment motion. In support, they submit defense counsel's affidavit attaching copies of numerous documents which counsel attests are true and correct (Dkt. 75-1). Although Defendants do not clearly articulate their defenses using the appropriate legal terminology, the documents tend to show Defendants engaged in the interactive process to accommodate Plaintiff, had business necessity reasons for denying certain requested accommodations, and did not adversely act against Plaintiff because she either did not apply for available positions, or Defendants followed CWI's policies in assigning positions. This evidence raises genuine issues of material fact precluding summary judgment. Accordingly, the Court denies Plaintiff's first summary judgment motion (Dkt. 63).

### 2. Plaintiff's Second Motion for Summary Judgment re: Constructive Termination (Dkt. 70)

In her second summary judgment motion, Plaintiff argues Defendants constructively discharged her (Dkt. 70 at 4). In support, she asserts she was "effectively frozen out of all employment opportunities, with no formal resolution or support" and that "this liminal state, coupled with public misrepresentation and personal psychological toll, would compel any reasonable person to separate" (*id.*). Defendants correctly note that Plaintiff failed to allege a constructive termination claim (Dkt. 85 at 4). Also, to the extent Plaintiff is arguing constructive discharge as an adverse action in support of one of her alleged claims, her second summary judgment motion fails for the same reason her first summary judgment motion fails: She has not shown an absence of genuine issues of material fact, and Defendants have submitted evidence showing defenses giving rise to genuine issues of material fact. Accordingly, the Court denies Plaintiff's second summary judgment motion.

3. **Plaintiff's Motion to Compel Production re Email Metadata (Dkt. 76)**

In her motion to compel, Plaintiff seeks production of "metadata and original-format emails related to documents identified as CWI000198 and CWI000199" (Dkt. 76 at 2). In response, Defendants assert they have no additional information about these documents to produce. Specifically, they explain:

> [T]hey do not maintain metadata for the two pages requested by Plaintiff, and the information sought by Plaintiff has already been provided. Specifically, the two documents, which were first preserved and produced in the underlying Equal Employment Opportunity Commission complaint, were downloaded and saved from Defendants' Microsoft Outlook account nearly three years ago. The emails were produced to Plaintiff in PDF format, as is typical with discovery documents, but were originally downloaded in .msg format. The names of the sender, recipient, and anyone blind or carbon copied are included in the email header, as is the date. All of this information has already been provided to Plaintiff.

(Dkt. 86 at 2) (internal citations omitted).

The Court has been unable to locate CWI000198-99 in the record, and neither Plaintiff nor defense counsel was able to provide the documents during the hearing. Both parties, however, agreed the document is an email about CWI's budget. At the hearing, Plaintiff explained she wanted to know who received a copy of the email including, for example, whether it was forwarded to other individuals not identified on the email. Defense counsel represented to the Court that she would re-investigate whether Defendants have any additional information about CWI000198-99 to produce.

Accordingly, the Court grants Plaintiff's motion to compel and requires that Defendants respond in writing to Plaintiff by no later than November 10, 2025, with additional information about the documents, including whether it was forwarded to other individuals and to whom. If Defendants are unable to locate additional information, they must explain for Plaintiff by the response date what efforts they undertook to investigate the existence of additional information.

MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS - 7

### 4. Plaintiff's Motion to Seal or Strike Exhibit A (Dkt. 79)

Plaintiff requests "the Court to seal or strike Exhibit A to the Declaration of Counsel filed by Defendants on or around July 14, 2025," complaining that "Exhibit A is a psychological evaluation [containing] detailed personal mental health information" about Plaintiff (Dkt. 79 at 2). In support, Plaintiff submitted a heavily redacted letter from Michael DeCaria, Ph.D., to Nick Simon, dated June 10, 2011 (June 2011 letter) and suggested this June 2011 letter was the subject of her motion (Dkt. 79-1 at 1). In response, Defendants denied ever disclosing the June 2011 letter in the record (Dkt. 81).

Contrary to Plaintiff's motion identifying the June 2011 letter, on reply Plaintiff identified by Bates numbering a letter from Dr. DeCaria to Mark Williams, dated April 15, 2013 (April 2013 letter). Although the Court was unable to locate the June 2011 letter in the record, it was able to locate two copies of the April 2013 letter, which are attached to the Declaration of Nicole M. Jenkins in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment (Jenkins Declaration) filed on July 14, 2025 (*see* Dkt. 75-1 at 133-34, 137-38). At the hearing, the Court provided a copy of the April 2013 letter to Plaintiff who confirmed that this letter is the one to which her motion relates, despite previously representing to Defendants and the Court that she sought to have the June 2011 letter stricken or sealed.

The Court grants Plaintiff's motion to strike and seal as it relates to the April 2013 letter. Specifically, to prevent the unnecessary disclosure of Plaintiff's personal health information in the record, the Court strikes the Jenkins Declaration from the record and orders Defendants: (1) to refile the Declaration in its original form but with the two copies of the April 2013 letter (located at Docket 75-1, pages 133-34 and 137-38) redacted in their entirety, and (2) to file a copy of the April 2013 letter under seal.

### 5. Plaintiff's Motion to Redact Confidential Personal History in Exhibit C (Dkt. 83)

Related to Plaintiff's Motion to Seal or Strike Exhibit A (Dkt. 79), Plaintiff filed under seal the affidavit of Gina Arson (Arson Affidavit) (Dkt. 83 at 5-6). Arson is a notary public, who attests that Plaintiff showed Arson certain documents related to her motion to seal, including the Jenkins Declaration and the April 2013 letter (*id.* at 5). The Arson Affidavit contains a quote from the April 2013 letter regarding Plaintiff's personal information (*id.*). With this affidavit, Plaintiff filed her motion to redact the "personal history" from the Arson Affidavit (*id.* at 1-2).

Plaintiff's filing of the Arson Affidavit is entirely unnecessary and without purpose. Moreover, redacting it is unnecessary because Plaintiff filed it under seal. For this reason, Plaintiff's motion to redact confidential information is moot. The Court admonishes Plaintiff not to file unnecessary materials in the record including for example notices, status updates, discovery materials, and the like. Plaintiff must limit her filings to those which the procedural rules or the Court's orders permit. *See, e.g.*, Dist. Loc. Civ. R. 5.4.

### 6. Defendants' Motion for Rule 11 Sanctions (Dkt. 97)

Defendants move the Court to sanction Plaintiff based on her "pattern of harassing and dilatory tactics" (Dkt. 97-1 at 1). For example, they identify Plaintiff's "repeated misrepresentations to the Court, such as repeatedly accusing Defendants of filing unredacted medical document"; "refusing to participate in routine discovery"; "refusing to stipulate to extensions necessitated by her own conduct unless Defendants acquiesced" to her demands; and "engaging in personal attacks on Defendants' legal counsel" (Dkt. 97-1 at 4).

Plaintiff's prolific pro se filings are undoubtedly frustrating for Defendants, just as they are for the Court. Indeed, several of those filings are frivolous. As the Court has already noted, Plaintiff's motion to redact confidential personal history in the record was unnecessary because

Plaintiff had no purpose for filing her confidential personal history in the record. Further, several of Plaintiff's other filings are also frivolous including, for example, her motion for judicial notice of the parties' interactions during discovery disputes (Dkt. 92 (motion); Dkt. 93 (order denying motion)).

The Court, however, notes that both Plaintiff and defense counsel have displayed a lack of civility in their submissions. For this reason, the Court denies Defendants' motion for any monetary sanctions without prejudice. As the Court explained during the hearing, the parties are admonished to comply with District Local Rule 83.8 on civility.

Based on Plaintiff's frivolous filings however, the Court orders that Plaintiff may not file any further motions or other submissions in the record absent permission from the Court. Before granting Plaintiff permission to file a motion, the Court will require her to follow the following procedure: (1) Plaintiff must meet and confer with defense counsel regarding the disputed issue—which means speaking civilly in person, by video, or on the telephone. Sending or exchanging emails or other written communications does **not** satisfy this meet and confer requirement. *See* Dist. Local Rule 37.1. (2). If these meet and confer communications do not resolve the issue, then Plaintiff may email the Court's assigned law clerk, Taylor Tugya at **taylor_tugya@id.uscourts.gov**, to explain the issue in a concise manner. Plaintiff must copy defense counsel on all emails she sends to the Court's staff.

Upon receipt of Plaintiff's email, the Court will determine whether a motion is necessary. Plaintiff is cautioned, however, that any issues she raises with Ms. Tugya must be about the merits of the case or a specific procedure. The Court will not entertain arguments about the facts or complaints about having to comply with the rules of procedure, including the discovery rules.

**MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS - 10**

### 7. Defendants' Motion to Compel and Rule 37 Sanctions (Dkt. 98)

Defendants also move to compel Plaintiff's complete, unredacted, and unaltered copies of Plaintiff's (1) medical records and medical bills pertaining to her claimed disabilities and her claimed physical and emotional damages; (2) tax records and documentation of income from 2019 to 2023 as they pertain to income she received from CWI; (3) employment records relating to her allegations that Defendants' actions caused her to lose other employment opportunities; and (4) itemization and documentation in support of her alleged damages (Dkt. 98-1 at 3-8).

As discussed at the hearing, the Court grants Defendants' motion to compel Plaintiff to produce her medical records and billings related to her claims that she suffers from a disability and from emotional distress. By alleging claims for violations of the ADA and for emotional distress, Plaintiff has placed these documents at issue. Plaintiff must produce the documents within her possession and control, which means she must request responsive documents from her medical care providers and produce them for Defendants. If Plaintiff fails to produce complete, unredacted, unaltered, true and correct copies of these documents by November 10, 2025, then Plaintiff will be required to sign a release authorizing Defendants to collect the documents from her medical care providers themselves.

The Court, however, denies Defendants' request that Plaintiff produce her tax records, employment records, and other documentation supporting her claim for damages, including an itemization of damages. Plaintiff is already obligated to produce these documents under Rule 26 of the Federal Rules of Civil Procedure. Specifically, Rule 26 provides that Plaintiff must produce (1) all documents in her possession and control that she may use to support her claims; and (2) a computation of each category of damages she claims and the documents on which her computations are based, including materials bearing on the nature and extent of her injuries. Fed.

R. Civ. P. 26(a)(1)(A)(ii), (iii). To the extent Plaintiff has not yet produced this information, she has a duty to supplement her Rule 26(a) disclosure to provide the information. Fed. R. Civ. P. 26(e); *see also Fauteux v. Walmart, Inc.*, No. CV 2000925DSF, 2022 WL 1716002, at *12 (C.D. Cal. Jan. 21, 2022) (noting party's continuing obligation to produce supporting documents regardless of request for production seeking such documents). If Plaintiff fails to supplement her disclosure in a timely manner, she will not be permitted to rely on any undisclosed information for purposes of supporting or opposing summary judgment or for meeting her burden of proof at trial.

Defendants also request sanctions against Plaintiff under Rule 37 of the Federal Rules of Civil Procedure. Under Rule 37(a) of the Federal Rules of Civil Procedure, a court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses in making the motion, including attorney fees, unless the movant filed the motion before attempting in good faith to obtain the discovery; the opposing party's nondisclosure was substantially justified; or other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A). If, however, a motion to compel discovery responses is granted in part and denied in part, as here, a court has the discretion to apportion reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). The analysis under subsections (A) and (C) of Rule 37(a)(5) is the same, and any arguments pertaining to the exceptions to Rule 37(a)(5)(A) are equally applicable to determining whether attorney fees should be apportioned under Rule 37(a)(5)(C). *W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*, No. 1:13-cv-00216-EJL-REB, 2016 WL 11643651, at *1 (D. Idaho Jan. 4, 2016); *Barlow v. Herman*, No. 2:13-cv-00033-JAD-CWH, 2015 WL 846568, at *3 (D. Nev. Feb. 26, 2015). Here, the Court exercises its discretion under Rule 37(a)(5)(C) to require the parties to bear their own fees and costs related to the motion.

### 8. Plaintiff's Deposition and Rule 35 Examination

Shortly before the hearing, Plaintiff filed her Emergency Motion for Protective Order (Dkt. 110), and Defendants filed a Defendants' Motion for Rule 35 Examination of Plaintiff (Dkt. 112). These motions raise discovery issues regarding Plaintiff's deposition and a requested independent medical examination ("IME") of Plaintiff under Federal Rule of Civil Procedure 35.

In Plaintiff's motion for a protective order, she objects to a seven-hour deposition and argues Defendants' request for such a deposition "demonstrates a willful intent to inflict physical re-injury" on her and "constitutes an undue burden" (Dkt. 110 at 3). Rule 30(d)(1) of the Federal Rules of Civil Procedure, however, provides that "a deposition is limited to one day of 7 hours."

The Court and the parties discussed the particulars of Plaintiff's deposition during the hearing. Based on those discussions, defense counsel will be allowed to take Plaintiff's deposition per the rules of procedure and will allow Plaintiff reasonable breaks, although Plaintiff may not take a break while a question is pending. Plaintiff's deposition will occur via Zoom and, likewise, Plaintiff will take any depositions of Defendants' witnesses by Zoom, if requested. Plaintiff's therapist may be present in the room with Plaintiff during her deposition. The therapist, however, may not talk on the record.

Plaintiff did not object to undergoing a Rule 35 IME, either in her motion for a protective order, at the hearing, or otherwise. Rather, she objects to Defendants' selection of "a military doctor" because her "PTSD stems from military-related trauma" (Dkt. 110 at 3). The physician Defendants select, however, does not appear to be a "military doctor," although he has apparently treated military personnel. Regardless, Defendants agreed during the hearing that they would selection another physician for Plaintiff's IME. The Court requested that, if possible, they propose two female physicians to conduct the IME and allow Plaintiff to choose which physician she

prefers. The Court recognized, however, that there are limited physicians in the area and does not expect Defendants to go outside the Treasure Valley for purposes of the IME. Defense counsel represented that she is aware of at least one female physician who can perform the IME. The Court further orders defense counsel to email Ms. Tugya once a list of proposed physicians has been provided to Plaintiff. Upon receipt, Plaintiff will have three days to notify defense counsel of her selection. Once a physician and an IME appointment time have been identified, defense counsel shall file a renewed Rule 35 motion for the Court's consideration.

Also, Defendants agreed during the hearing that they will provide to Plaintiff in advance any preliminary paperwork which she must complete before the IME and that Plaintiff's therapists may be present in the physician's waiting room while Plaintiff undergoes the IME. The Court, however, declines to order that the IME be videotaped, a third person be allowed to be present with Plaintiff during the IME, or Plaintiff be provided with testing materials in advance of the IME.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's First Motion for Summary Judgment re: Failure to Accommodate & Retaliation (Dkt. 63) is **DENIED**.

2. Plaintiff's Second Motion for Summary Judgment re: Constructive Termination (Dkt. 70) is **DENIED**.

3. Plaintiff's Motion to Compel Production re Email Metadata (Dkt. 76) is **GRANTED**. Defendants shall investigate to determine whether any additional information regarding CWI000198-99 is available, including whether it was forwarded to any individuals. Defendants must produce any additional information by **November 10, 2025**, or if they are unable to locate additional information, they must so notify Plaintiff and explain their efforts to locate additional information by that date.

4. Plaintiff's Motion to Seal or Strike Exhibit A (Dkt. 79) is **GRANTED**. The Court strikes from the record the Declaration of Nicole M. Jenkins in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 75-1). Defendants are ordered to refile the Jenkins Declaration in its original form but with the copies of the April 2013 letter, appearing at Docket 75-1 at pages 133-34 and pages 137-38, entirely redacted. Further, Defendants shall file a copy of the April 2013 letter under seal.

5. Plaintiff's Motion to Redact Confidential Personal History in Exhibit C (Dkt. 83) is denied as **MOOT**.

6. Defendants' Motion for Sanctions (Dkt. 97) is **GRANTED in part and DENIED in part**. Plaintiff may not file any further motions in the record without the Court's permission and must follow the procedure outlined above to obtain permission.

7. Defendants' Motion to Compel (Dkt. 98) is **GRANTED in part and DENIED in part**. Plaintiff must produce complete, unredacted, unaltered, true and correct copies of her medical records by **November 10, 2025**. If there is any indication that the documents are not produced or complete, then Plaintiff will be required to sign a release authorizing Defendants to collect the documents from her medical care providers themselves.

8.  Plaintiff's Emergency Motion for Protective Order (Dkt. 110) and Defendants' Motion for Rule 35 Examination of Plaintiff (Dkt. 112) are denied as **MOOT**. The Court orders Plaintiff's deposition and her Rule 35 IME to proceed as outlined above.

9.  Defendants' counsel shall contact Stuart Kaylor to schedule a Magistrate Judge Settlement Conference to occur before **January 30, 2026**.

DATED: October 21, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge